**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jose Carrion,<br><br>                      Plaintiff,<br><br>      -v-<br><br>American Drive-In Cleaners of Hewlett, Inc.,<br>Howard Moreida, and<br>Harrison Moreida,<br><br><br>                     Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Jose Carrion ("Plaintiff" or "Carrion"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants American Drive-In Cleaners of Hewlett, Inc., Howard Moreida, Harrison Moreida and Bertran Moreida (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not

receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff also complains that he was terminated and discharged in discrimination and retaliation by Defendants because, in good faith, he complained of and opposed Defendants' failure to pay his required wages, including his overtime wages. Such retaliatory termination violates the FLSA at 29 USC § 215 and NYLL § 215 and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

8. Plaintiff Jose Carrion ("Plaintiff" or "Carrion") is an adult, over eighteen years old, who currently resides in Nassau County in the State of New York.

9. Upon information and belief and all times relevant herein, Defendant American Drive-In Cleaners of Hewlett, Inc. ("ADC") was a New York for-profit corporation.

10. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendants Howard Moreida ("Howard"), and Harrison

Moreida, who were in charge of the operations and management of ADC.

11. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

12. Upon information and belief, Defendants shared a principal place of business in Nassau County, New York, at 1345 Peninsula Blvd., Hewlett, NY 11557, where Plaintiff was employed.

13. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

14. Upon information and belief, and at all relevant times herein, Defendants, individually, and/or jointly, were engaged in providing laundromat and dry-cleaning services.

15. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly employed approximately 30 or more employees.

16. Plaintiff was employed by Defendants, individually and/or jointly, from on or about October 16, 2006 to on or about October 28, 2019.

17. At all times relevant herein, Plaintiff was individually and/or jointly employed by Defendants as a manual worker in Defendants' laundromat performing a variety of functions within this capacity – including handling and pickup/delivery of clothing, cashier and the processing of credit card payments, etc.

18. At all times relevant herein, Plaintiff's regular hourly rate was $26 an hour.

19. Upon information and belief, and at all times relevant herein, and throughout the period

Plaintiff was employed by Defendants, Plaintiff worked about 72-80 hours each week for Defendants and likely more, 6 days a week.

20. From on or about October 16, 2006 to in or around May/June 2019, Plaintiff was only paid for 40 hours per week, for each week during this period of his employment with Defendants and was not paid *any* wages for hours worked in excess of 40 in each week during this period. Plaintiff was not paid any wages for about 32-40 hours a week during this period of his employment and seeks to recover such wages with this lawsuit.

21. From in or around May/June 2019 to on or about October 28, 2019, following an investigation, Defendants began paying Plaintiff for 45 hours a week – 40 regular hours and 5 overtime hours at 1.5 times his regular rate. However, Plaintiff was not paid *any wages* including non-overtime and overtime wages for the remaining hours worked in each such week during this period of his employment with Defendants. Plaintiff was not paid any wages for about 27-35 hours a week during this period of his employment and seeks to recover such wages with this lawsuit.

22. A more precise statement of the hours and wages will be made when Plaintiff Carrion obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

23. On or about 10/23/19, Plaintiff complained in good faith to Defendants (Howard Moreida) about underpayment of wages including non-overtime and overtime wages. In response, Defendants (Howard Moreida), on or about 10/28/2019, told Plaintiff that he should seek counsel and that his employment was terminated.

24. Plaintiff was terminated/discharged by Defendants in retaliation/discrimination for opposing and complaining in good faith about the Defendants' failure to pay all his wages including his overtime wages.

4

25. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

26. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all the hours worked by Plaintiff and did not state all wages earned by Plaintiff, among other deficiencies.

27. Upon information and belief, and at all times relevant herein, Defendants, individually, and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

28. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

29. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of washing machines/dryers, and other equipment and supplies necessary for their business.

30. Defendants as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

31. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

32. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

33. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

34. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of one and one half times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

35. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

36. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

37. Other aspects and circumstances of Plaintiff's employment and relationship with Defendants are still under investigation and review, and Plaintiff may assert additional claims against Defendants if additional issues remain unresolved.

38. "Plaintiff" as used in this complaint refers to the named Plaintiff.

39. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)**

40. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

42. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

43. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

44. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

45. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

46. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

48. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y.

Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

## **Relief Demanded**

49. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## **AS AND FOR A THIRD CAUSE OF ACTION**
## **NYLL § 190, 191, 193, 195 and 198**

50. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 49 above with the same force and effect as if fully set forth at length herein.

51. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

52. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all the non-overtime wages, and overtime wages, Plaintiff was entitled to, as required by NYLL §§ 191, 193 and 198.

53. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

54. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

**Relief Demanded**

55. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime and overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**AS AND FOR A FOURTH CAUSE OF ACTION –**
**FLSA RETALIATION/DISCRIMINATION - 29 U.S.C § 215**

56. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 55 above as if set forth fully and at length herein.

57. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA including 29 USC § 207 and 29 USC § 215.

58. At all times relevant herein, Defendants were covered persons or entities within the meaning of 29 USC § 215.

59. Defendants discharged/terminated Plaintiff's employment with them in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendants' failure to pay Plaintiff wages owed to him under the FLSA as further set forth above.

**Relief Demanded**

60. Defendants' FLSA violations have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to and seeks to recover from Defendants all damages available under 29 USC §§ 215 and 216, including his lost wages, reinstatement, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

## AS AND FOR A FIFTH CAUSE OF ACTION
## RETALIATION/DISCRIMINATION - NYLL § 215

61. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 60 above as if set forth fully and at length herein.

62. At all times relevant herein, Plaintiff was employed by Defendants, individually, and/or jointly within the meaning of the New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

63. At all times relevant herein, Defendants were covered persons or entities within the meaning of New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

64. Defendants discharged/terminated Plaintiff's employment with them in retaliation and discrimination and in violation of the NYLL § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendants' failure to pay Plaintiff wages owed to him under the NYLL as further set forth above.

65. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

## Relief Demanded

66. Defendants' New York Labor Law violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendants all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

67. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

68. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

69. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

70. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid non-overtime wages, overtime wages, wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL § 195(1) and NYLL § 195(3).

71. As to his **Fourth Cause of Action**, award Plaintiff all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement/front pay, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

72. As to his **Fifth Cause of Action**, award Plaintiff all damages available under NYLL § 215, including his lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215;

73. Award Plaintiff prejudgment interest on all monies due;

74. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

75. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **November 11, 2019**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF