UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Jose Carrion,

Plaintiff,

-against-

American Drive-In Cleaners of Hewlett, Inc., Howard
Moreida, and Harrison Moreida,

Defendants.

Index No. 2:19-cv-06362

**ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS**

Defendants American Drive-In of Hewlett, Inc. ("ADC"), Howard Moreida
("Howard"), and Harris (misnamed in the Complaint as Harrison) Moreida ("Harris")
(collectively, "Defendants"), by their attorneys Littler Mendelson, P.C., hereby respond to
the allegations in the Complaint of Plaintiff Jose Carrion ("Plaintiff") as follows:

In response to all non-numbered paragraphs, and each and every substantive
allegation of the Complaint, Defendants deny that they violated any law and/or that they
harmed Plaintiff in any way. Defendants deny that Plaintiff is entitled to any of the
requested procedural or substantive relief.

## NATURE OF THE ACTION

1.      Defendants deny the allegations set forth in Paragraph 1 of the Complaint,
except they admit that Plaintiff has filed an action alleging violations of the Fair Labor
Standards Act ("FLSA"). Defendants affirmatively deny that they violated the law, and
deny that Plaintiff is entitled to any damages or relief.

2.      Defendants deny the allegations set forth in Paragraph 2 of the Complaint,
except they admit that Plaintiff has filed an action alleging violations of the New York

1

Minimum Wage Act ("NYMWA").  Defendants affirmatively deny that they violated the law, and deny that Plaintiff is entitled to any damages or relief.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Complaint, except they admit that Plaintiff has filed an action alleging violations of the New York Labor Law ("NYLL").  Defendants affirmatively deny that they violated the law, and deny that Plaintiff is entitled to any damages or relief.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Complaint, except they admit that Plaintiff has filed an action alleging retaliatory termination in violation of the FLSA and NYLL.  Defendants affirmatively deny that they violated the law, and deny that Plaintiff is entitled to any damages or relief.

**JURISDICTION AND VENUE**

5.      Paragraph 5 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants admit the allegations.

6.      Paragraph 6 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants admit the allegations.

7.      Paragraph 7 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants admit the allegations.

**THE PARTIES**

8.      Defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations within Paragraph 8 of the Complaint, except admit that Plaintiff is an adult over the age of eighteen.

9.    Defendants admit the allegations in Paragraph 9 of the Complaint.

10.   Defendants deny the allegations in Paragraph 10 of the Complaint, except admit that Howard Moreida and Harrison Moreida own shares of ADC.

11.   Defendants deny the allegations in Paragraph 11 of the Complaint.

12.   Defendants deny the allegations in Paragraph 12 of the Complaint, except admit that ADC's principal place of business is located in Nassau County, New York, at 1345 Peninsula Blvd., Hewlett, NY 11557, where Plaintiff was employed.

13.   The allegations in Paragraph 13 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 13 of the Complaint.

**STATEMENT OF FACTS**

14.   Defendants deny the allegations in Paragraph 14 of the Complaint, except admit that ADC provides laundromat and dry-cleaning services.

15.   Defendants admit the allegations in Paragraph 15 of the Complaint.

16.   Defendants admit the allegations in Paragraph 16 of the Complaint.

17.   The allegations in Paragraph 17 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17 of the Complaint admit that Plaintiff handled pickup/delivery of clothing.

18.   Defendants deny the allegations in Paragraph 18 of the Complaint.

19.   Defendants deny the allegations in Paragraph 19 of the Complaint.

20.   Defendants deny the allegations in Paragraph 20 of the Complaint.

21.   Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 sets forth a statement and legal conclusions to which a response is not required. To the extent a response is required, Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Paragraph 37 sets forth a statement to which a response is not required; to the extent a response is required, Defendants deny the allegations.

38. Paragraph 38 sets forth a statement to which a response is not required.

39. Paragraph 39 sets forth a statement to which a response is not required.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT – 29 U.S.C. 201 et Seq. (Unpaid Overtime)**

40. Defendants reallege and incorporate their responses to all previous allegations contained in the Complaint.

41. Paragraph 41 of the Complaint sets forth legal conclusions to which a response is not required.

42. Paragraph 42 of the Complaint sets forth legal conclusions to which a response is not required

43. Defendants admit the allegations in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

### Relief Demanded

45. Paragraph 44 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

### AS AND FOR A SECOND CAUSE OF ACTION

### NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

46. Defendants reallege and incorporate their responses to all previous allegations contained in the Complaint.

47. Paragraph 47 of the Complaint sets forth legal conclusions to which a response is not required.

48. Paragraph 48 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

### Relief Demanded

49. Paragraph 49 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

## AS AND FOR A THIRD CAUSE OF ACTION

## NYLL § 190, 191, 193, 195 and 198

50. Defendants reallege and incorporate their responses to all previous allegations contained in the Complaint.

51. Paragraph 51 of the Complaint sets forth legal conclusions to which a response is not required.

52. Paragraph 52 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

53. Paragraph 53 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

54. Paragraph 54 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

## Relief Demanded

55. Paragraph 55 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

## AS AND FOR A FOURTH CAUSE OF ACTION

## FLSA RETALIATION/DISCRIMINATION – 29 U.S.C. § 215

56. Defendants reallege and incorporate their responses to all previous allegations contained in the Complaint.

57. Paragraph 57 of the Complaint sets forth legal conclusions to which a response is not required.

58. Paragraph 58 of the Complaint sets forth legal conclusions to which a response is not required.

59. Paragraph 59 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

**<u>Relief Demanded</u>**

60. Paragraph 60 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

**<u>AS AND FOR A FIFTH CAUSE OF ACTION</u>**

**<u>RETALIATION/DISCRIMINATION – NYLL § 215</u>**

61. Defendants reallege and incorporate their responses to all previous allegations contained in the Complaint.

62. Paragraph 62 of the Complaint sets forth legal conclusions to which a response is not required.

63. Paragraph 63 of the Complaint sets forth legal conclusions to which a response is not required.

64.     Paragraph 64 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

65.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint.

**Relief Demanded**

66.     Paragraph 66 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief requested in the Wherefore paragraphs of the Complaint, including Paragraphs 67 through 75, or to any relief at all, against Defendants.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.

1.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.     The claims of Plaintiffs are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, laches, estoppel, consent, unclean hands, comparative fault, contributory fault, and/or the applicable statute of limitations.

3. Defendants Howard Moreida and Harrison Moreida are not proper Defendants in this action because they were not Plaintiff's "employer" within the scope of the FLSA or NYLL.

4. Plaintiff's claims are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the FLSA and NYLL, and had reasonable grounds for believing they were in compliance with the FLSA and NYLL. Defendants assert a lack of willfulness or intent to violate the NYLL as a defense to any claim for liquidated damages.

5. Defendants' actions were not willful. No act or omission of Defendants that is alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the NYLL and/or FLSA.

6. Plaintiff's claims are barred, in whole or in part, because, to the extent any violations are established, they constitute *de minimis* violations.

7. Plaintiff's claim for damages must be dismissed to the extent that he has failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, or to the extent that they have been mitigated.

8. If Plaintiff succeeds in establishing any violation under the FLSA and/or NYLL, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above his wages and/or beyond the time period compensable under the FLSA and/or NYLL.

9. Even if Defendants have, in fact, failed to pay Plaintiff for any of the activities alleged in the Complaint (which they have not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under the FLSA or NYLL, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

10. Plaintiff's FLSA claims pertaining to alleged unpaid work time for non-overtime hours fails in any workweek in which his total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

11. At all times, Defendants reasonably believed in good faith that they provided Plaintiff with adequate notice of wage information pursuant to New York Labor Law § 195.

12. Plaintiff is not entitled to injunctive relief.

13. Plaintiff is not entitled to pre-judgment or post-judgment interest.

14. Plaintiff's claims are barred, in whole or in part, to the extent that the work he performed falls within exemptions, exceptions, or exclusions provided under the FLSA, 29 U.S.C. § 201, *et seq.*, and NYLL, or, alternatively, should be reduced by any credits, recoupments or offsets provided under the FLSA and NYLL.

15. In addition to the foregoing defenses, Defendants reserve the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action or to pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

## **COUNTERCLAIMS**

Defendant/Counterclaim Plaintiff American Drive-In Cleaners of Hewlett, Inc.

("ADC"), by its undersigned counsel, as and for its claims against Plaintiff/Counterclaim Defendant Jose Carrion ("Carrion") (together, the "Parties"), alleges as follows:

1.    ADC seeks a judgment against Carrion for breaching loan agreements and a release agreement entered by and between the Parties.

2.    Alternatively, ADC seeks a judgment against Carrion under the doctrines of unjust enrichment and *quantum meruit*.

## PARTIES

3.    ADC is a laundromat with a principal place of business at 1345 Peninsula Blvd., Hewlett, New York.

4.    Carrion is a former employee of ADC who, upon information and belief, resides in Nassau County in the State of New York.

## JURISDICTION

5.    This Court has jurisdiction over these counterclaims because they arise from the same transactions or occurrences that are the subject matter of the Complaint.

## FACTUAL ALLEGATIONS

6.    ADC hired Carrion in October of 2006.

7.    On at least eight different occasions, Carrion asked the shareholders of ADC, Howard Moreida and Harris Moreida, if the company could loan him money to pay for personal expenses.

8.    ADC agreed to loan these payments to Carrion provided that Carrion agree to continue his employment with ADC and agree to repay the loan payments on a periodidc basis.  ADC further conditioned the loan on Carrion's agreement to repay the entire balance of the loan immediately upon the termination of his employment with ADC.

11

9.      Carrion agreed to these conditions and as a result, ADC loaned Carrion money to assist Carrion's payment of personal expenses in the total amount of $24,241 at the following schedule:

(a)     $2,000 on February 7, 2012;

(b)     $5,000 on January 2, 2013;

(c)     $2,500 on July 9, 2013;

(d)     $941 on March 27, 2014;

(e)     $5,000 on July 1, 2015;

(f)     $4,000 on May 14, 2015;

(g)     $3,000 on July 26, 2016; and

(h)     $1,800 on October 16, 2018.

10.     Carrion made weekly installment payments on the loans of $100 from March 2012 through July 2012, January 2013 through July 2014, and March 2015 through July 2015.

11.     From August 2016 through October 2018, Carrion paid $25 in weekly installment payments on the loans.

12.     Beginning on October 16, 2018 and through Carrion's separation with ADC, Carrion paid $50 in weekly installment payments on the loans.

13.     However, Carrion has failed to repay these loans and a balance of $3,925 remains.

14.     Carrion is in breach of the agreement because his employment relationship with ADC has terminated and he has not repaid the balance of these loans.

15. In or around June of 2013, Carrion asked ADC to provide him with a car loan (separate and distinct from the loans discussed above) to assist in making car lease payments.

16. ADC agreed to loan the car lease payments to Carrion provided that Carrion agree to continue his employment with ADC and agree to repay the loan payments upon the termination of employment with ADC.

17. Carrion accepted these terms and in furtherance of this loan agreement, ADC loaned to Carrion:

(a) beginning in or around June of 2013 through July of 2016 $517 per month.

(b) beginning September of 2016 through September of 2019, ADC agreed to loan Carrion $548 per month.

(c) ADC loaned Carrion a total of $38,344.68 to assist Carrion in paying his personal car lease payments.

18. Carrion has breached this loan agreement because he has failed to repay this loan even though his employment with ADC has concluded.

19. In July of 2017 Carrion asked ADC to provide him with another car loan (separate and distinct from the loans discussed above) to assist in making car financing payments.

20. ADC agreed to loan these payments to Carrion provided that Carrion agree to continue his employment with ADC and agree to repay the loan payments immediately should his employment with ADC terminate for any reason.

21. Carrion agreed to these conditions and as a result, ADC loaned Carrion a total of $11,000.

22.     Carrion has breached this loan agreement because he has failed to repay this loan even though his employment with ADC has concluded.

23.     In 2019, Carrion filed a complaint with the United States Department of Labor ("USDOL") against ADC.

24.     At the conclusion of the investigation the USDOL determined that ADC did not owe any money to Carrion.

25.     In October of 2019, Carrion approached Howard Moreida, a shareholder of ADC, to complain that ADC had underpaid him.

26.     During these conversations, Carrion threatened to steal ADC's customers and to bring them to ADC's competitors.

27.     Through subsequent conversations, ADC agreed to pay Carrion, even though ADC denied these allegations, and Carrion agreed to accept a lump sum payment of $25,000 to resolve his claims in exchange for a release of those claims.

28.     On October 23, 2019, Carrion and ADC entered into a written release agreement in which the Parties agreed that ADC would pay Carrion $25,000 "to rectify mistakes."

29.     In other words, ADC paid Carrion $25,000 in exchange for a release of claims and a promise not to sue on any claims relating to Carrion's employment with ADC.

30.     The parties further agreed that they "will sit down [and] discuss future payments to settle situation."

31.     This writing was signed by Carrion and Howard Moreida on behalf of ADC.

32.     Rather than complying with the terms of the written agreement, Carrion quit his employment with ADC by walking out of work and never returning.

33. On October 28, 2019, the $25,000 check ADC had provided Carrion, in exchange for the release agreement, posted to ADC's bank account and was paid to Carrion.

34. On November 11, 2019, Carrion breached the written agreement and the terms of the release by filing the Complaint alleging claims that have been paid and were released under the terms of the release agreement between ADC and Carrion.

## FIRST COUNTERCLAIM

## BREACH OF CONTRACT

35. ADC incorporates by reference paragraphs 1-34 as if more fully set forth herein.

36. ADC and Carrion are parties to enforceable contracts in the form of loan agreements whereby ADC provided loans to Carrion provided that Carrion agree to remain employed with ADC and to repay the entire balance of the loans upon termination.

37. Carrion agreed to these conditions, ADC issued the loans, and Carrion accepted the money loaned to him by ADC.

38. Per the agreement, the outstanding balance on these loans became immediately due upon the termination of Carrion's employment with ADC.

39. Carrion has failed to pay the outstanding balance owed on the loans and thus is in breach of the loan agreements.

40. ADC and Carrion are also parties to an enforceable release agreement pursuant to which ADC paid Carrion $25,000 in exchange for a release of claims and promise not to sue.

41. By filing the Complaint, Carrion breached the release agreement.

15

42. ADC has suffered direct, incidental, and consequential damages as a result of Carrion's breaches of the loan and release agreements.

## SECOND COUNTERCLAIM

## UNJUST ENRICHMENT AND QUANTUM MERUIT

43. ADC incorporates by reference paragraphs 1-42 as if more fully set forth herein.

44. Carrion has received the benefit of $25,000, the sum he received in exchange for a release of claims, and the additional amount representing the balance of the loans that became immediately due upon the termination of his employment with ADC.

45. It would be manifestly unjust not to require Carrion to repay (i) the $25,000 since he has filed a Complaint alleging claims that he released and (ii) the unpaid loan balance that remains owed under the loan agreements.

**WHEREFORE**, Defendant/Counterclaim Plaintiff American Drive-In Cleaners of Hewlett, Inc. and Defendants Howard Moreida and Harrison Moreida hereby demand judgment as follows:

(a) Dismissing the Complaint in its entirety on the merits and with prejudice;

(b) Denying that Plaintiff/Counterclaim Defendant Jose Carrion is entitled to judgment in any amount whatsoever;

(c) Awarding damages in the amount of $28,875, plus pre-judgment and post-judgment interest against Plaintiff/Counterclaim Defendant Jose Carrion;

(d) Awarding such other relief as this Court may deem just, proper and equitable under the circumstances, including reasonable attorneys' fees and costs of collection.

Date: January 17, 2020
New York, New York

*/s/ Eli Z. Freedberg*
Eli Z. Freedberg
Maria Caceres-Boneau
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Attorneys for Defendant/Counterclaim Plaintiff*
*American Drive-In Cleaners of Hewlett, Inc.*
*and Defendants Howard Moreida and*
*Harrison Moreida*